IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
MAY 0 1 2002
Michael N. Milby
Clerk of Court

| | |
|---|---|
| ANTONIO BEJARAN )<br>(<br>VS.   )<br>   (<br>JOHN CRUZ, JOHN DOE/WORKER OF )<br>JOHN CRUZ, MRS. OSHA/HEAD NURSE (<br>MEDICAL DEPARTMENT CAMERON )<br>COUNTY ( | CASE NO. B-01-075 |

### DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants **CAMERON COUNTY, JOHN CRUZ,** in his official capacity as a deputy sheriff, and "**MRS. OCHOA**" in her official capacity as nurse of the Medical Department for the Cameron County Jail, and file this their Original Answer and respectfully show the Court as follows:

I.

A. Defendants cannot admit or deny ¶ I of the Original Complaint because they are without sufficient information to admit or deny ¶ I.

B. Defendants cannot admit or deny ¶ II of the Original Complaint because they are without sufficient information to admit or deny ¶ II.

C. Defendants cannot admit or deny ¶ III of the Original Complaint because they are without sufficient information to admit or deny ¶ III.

D. Defendants deny ¶ IV of the Original Complaint. There is no "Osha nurse"; this is an apparent misnomer and perhaps Plaintiff means Mrs. Ochoa, who was an infirmary nurse.

E. Defendants have difficulty in admitting or denying ¶ V of the Original Complaint because ¶ V is six (6) pages long and contains numerous confusing and vague statements. Defendants admit that so much of ¶ V as alleges that:

1. Plaintiff was arrested on or about May 5, 1999;
2. Plaintiff struck the arresting officer;
3. Plaintiff was incarcerated for some period of time at the Cameron County jail; and,
4. Plaintiff was convicted in August 1999 and incarcerated thereafter at T.D.C.

Defendants deny the remaining allegations in ¶ V.

F. Defendants deny ¶ VI of the Original Complaint.

G. Defendants cannot admit or deny ¶ VII of the Original Complaint because they are without sufficient information to admit or deny ¶ VII.

H. Defendants cannot admit or deny ¶ VIII of the Original Complaint because they are without sufficient information to admit or deny ¶ VIII.

II.

Plaintiff's Complaint fails to state claim upon which relief may be granted against any Defendant.

III.

Plaintiff's criminal convictions and workers compensation adjudication precludes Plaintiff from contesting the issues decided by his conviction and any decision of the Texas Workers Compensation Commission under the doctrines of claim and issue preclusion (*res judicata*/collateral estoppel).

IV.

Plaintiff's alleged injuries were caused, in whole or part, by pre-existing conditions or prior injuries.

V.

The alleged injuries where proximately caused, in or in part, by Plaintiff's own wrongful acts or negligence. His recovery is barred or reduced. TEX. CIV. PRAC. & REM. CODE, CHAPS. 32 and 33.

VI.

Any state law tort claims are barred by sovereign immunity; such immunity is not waived by the Texas Tort Claims Act ( TEX. CIV. PRAC. & REM. CODE, § 101.001, et seq.) because:

    A.    it does not arise from the use or condition of tangible property or from the operation of a motor vehicle or motorized equipment; TTCA, §101.021(a);

    B.    Plaintiff's claim arises from the method of providing police protection; TTCA, § 101.055(3);

    C.    Plaintiff's claim arises from a discretionary act; TTCA, § 101.056;

    D.    Plaintiff's claim arises from an intentional tort; TTCA, § 101.0557;

    E.    Plaintiff failed to give notice of claim; TTCA, §101.101.

Finally, liability (if any) is limited as provided by TTCA, §101.023.

VII.

Further there is no waiver of sovereign immunity because the involved public employees are entitled to claim official or common law immunities, which include:

    A.    qualified or official immunity;

    B.    witness immunity;

    C.    immunity for giving testimony in a civil or administrative proceeding;

    D.    qualified immunity for providing information to a person with a legitimate reason to need to know the information.

### VIII.

To the extent Plaintiff complains about information allegedly stated by the infirmary nurse, Defendants are not liable because:

    a.    Plaintiff consented to the disclosure;

    b.    the information was true or substantially true;

    c.    Defendants did not act with malice or actual malice;

    d.    Defendants had a qualified privilege to disclose the information.

### IX.

To the extent this is a health care liability claim, it is controlled by TEX. REV. CIV. STAT., art. 4590i. Therefore:

    A.    It is barred because Defendant failed to give a notice of claim as required by art. 4590i, §4.01;

    B.    damages are limited by art. 4590i, §11.02, et seq.

### X.

Defendant County has no respondeat superior liability under 28 U.S.C. §1983 for the acts or omissions of the Sheriff or his deputies. Under state law, it has legislature responsibility only as the sheriff and the jail; it is therefore entitled to legislative immunity.

### XI.

Plaintiff's claims if any are barred by the applicable statute of limitations.

WHEREFORE, PREMISES CONSIDERED, these Defendants pray that upon final hearing hereof that Plaintiff not recover as prayed for in Plaintiff's complaint, and for such other and further relief, at law or in equity, as they may show themselves justly entitled to receive.

Respectfully submitted,

ADAMS & GRAHAM, L.L.P.
P. O. Drawer 1429
Harlingen, Texas 78551-1429
(956) 428-7495
(956) 428-2954 (Fax)

By _____
CRAIG H. VITTITOE
State Bar No. 20593900
Fed. I.D. No. 18756
**ROGER W. HUGHES**
State Bar No. 10229500
Federal ID No. 5950

ATTORNEYS FOR DEFENDANTS

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record on this the 1st day of May, 2002.

**VIA CM/RRR NO. 7000 1530 0006 3361 7479**

Mr. Antonio Bejaran, Jr.
Prisoner No. 898233
Dominguez State Jail
6535 Cagnon Road
San Antonio, TX 78252

_____