*17*

United States District Court
Southern District of Texas
FILED

**MAY 2 2 2002**

Michael N. Milby
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

ANTONIO BEHARAN        {
                              {        CIVIL ACTION NO. B-01-075

V.                      {
                              {

JOHN CRUZ, ET AL.        {

## INDIVIDUAL DEFENDANT CRUZ'S MOTION TO DISMISS AMENDED COMPLAINT UNDER FRCP 12(b)(6) BASED ON QUALIFIED IMMUNITY

CRAIG H. VITTITOE
Federal ID No. 18756
Texas State Bar No. 12473500
ROGER W. HUGHES
Federal ID No. 5950
Texas State Bar No. 10229500
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954

Attorney-in-Charge for Defendants,
JOHN CRUZ, ET AL.

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

I.      Statement of the Nature and Stage of These Proceedings . . . . . . . . . . . . . . . . . . 1

II.     Statement of the Issues . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.    Plaintiff's Allegations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IV.     Defendant Cruz is Entitled to Qualified Immunity Against
        § 1983 Claims Raised by Amended Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        A.      Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        B.      Individual Defendant Entitled to Qualified Immunity . . . . . . . . . . . . . . . . 4

        C.      Plaintiff Has Not Alleged Violation of a Constitutional Right . . . . . . . . . 5

        D.      State Law Claims are Barred by Section 101.106 . . . . . . . . . . . . . . . . . . . 7

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# INDEX OF AUTHORITIES

Cites:                                                                                    Page

*Alton v. Hopgood*, 994 F.Supp. 827 (S.D.Tex. 1998)
    *aff'd* 168 F.3d 197 (5th Cir. 1999) ..................................... 5

*Anderson v. Creighton*, 483 U.S. 635 (1987) ................................ 4

*Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996) ............................... 3

*Beasley v. Clark,* 986 S.W.2d 256 (Tex. App.-Houston
    [1st Dist.] 1998, no pet.) ........................................... 8

*Brady v. Ft. Bend County*, 58 F.3d 173 (5th Cir. 1995) ..................... 5

*Campbell v. City of San Antonio*, 43 F.3d 973
    (5th Cir. 1995) .................................................... 5

*Dallas County MHMR v. Bossley*, 968 S.W.2d 339
    (Tex. 1998), *cert. denied*, 119 S.Ct. 541 (1998) ...................... 7

*Dunn v. Denk*, 79 F.3d 401 (5th Cir. 1996)
    (en banc) ......................................................... 4

*Eason v. Holt*, 73 F.3d 600 (5th Cir. 1996) ................................. 7

*GFF Corp. v. Assoc. Wholesale Grocers,* 130 F.3d 1381
    (10th Cir. 1997) ................................................... 7

*Gonzalez v. El Paso Hosp. Dist.,* 940 S.W.2d 793
    (Tex. App.-El Paso 1997, no writ) .................................. 8

*Guidry v. Bank of LaPlace*, 954 F.2d 278
    (5th Cir. 1992) .................................................... 3

*Gutierrez v. City of San Antonio*, 139 F.3d 441
    (5th Cir. 1998) .................................................... 4

*Holland v. City of Houston,* 41 F.Supp. 2d 678
    (S.D.Tex. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Ikerd v. Blair,* 101 F.3d 430 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Kaiser v. Garrett,* 67 F.3d 1166 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Lassiter v. Alabama A & M Univ. Bd. of Trustees,*
    28 F.3d 1146 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Meadowbriar Home for Children, Inc. v. Gunn,*
    81 F.3d 521 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Newman v. Obersteller,* 960 S.W.2d 621 (Tex. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Petta v. Rivera,* 143 F.3d 895 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Schultea v. Wood,* 47 F.3d 1427
    (5th Cir. 1995) (en banc) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
*Siegert v. Gilley,* 500 U.S. 226 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Texas Dept. Public Safety v. Petta,* 44 S.W.3d 575
    (Tex. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Williams v. Bramer,* 180 F.3d 699 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5


Texas Civil Practices & Remedies Code:

§ 101.106 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 7, 8


Texas Penal Code:

§ 22.02(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

<u>Statutes:</u>

42 U.S.C. §1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4

<u>Federal Rules of Civil Procedure:</u>

Rule 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Rule 7(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

<u>United States Constitution:</u>

Fourth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ANTONIO BEJARAN                    {
                                   {          CIVIL ACTION NO. B-01-075
V.                                 {
                                   {
JOHN CRUZ, ET AL.                  {

INDIVIDUAL DEFENDANT CRUZ'S MOTION TO DISMISS
UNDER FRCP 12(b)(6) BASED ON QUALIFIED IMMUNITY

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendant John Cruz and file his **INDIVIDUAL DEFENDANT**

**CRUZ'S MOTION TO DISMISS AMENDED COMPLAINT UNDER FRCP 12/(b)(6)**

**BASED ON QUALIFIED IMMUNITY** and would show the Court as follows:

I. Statement of the Nature and Stage of These Proceedings

Plaintiff Bejaran sues Defendant Cameron County Dep. Cruz for various unspecified

claims, presumably under 42 U.S.C. §1983 for excessive force during his arrest.  Defendant

Cruz moves to dismiss any federal claims in the Complaint under Rule 12(b)(6) for claims

against him individually, based on qualified immunity; he also asks the Court to order

Plaintiff reply to his defense of qualified immunity, pursuant to Fed.R.Civ.P. 7(a). He further

moves to dismiss any state law claims that may be alleged based on Texas Civil Practice and

Remedies Code, section 101.106.

1

## II. Statement of the Issues

1.       Whether the Complaint states facts that defeat the defense of qualified immunity against a Fourth Amendment claim that Defendant Cruz used excessive force in arresting him.

2.       Assuming arguendo the Complaint asserts any state law claims, whether they are barred by Texas Civil Practice and Remedies Code, section 101.106.

## III. Plaintiff's Allegations

Plaintiff's rambling allegations admit the following. On May 5, 1999, he was arrested at his home. He was advised to lie down in order to be handcuffed. He claims that he had a pre-existing back condition of some kind. He claims he "accidentally" struck Deputy Cruz. He claims that Dep. Cruz came down hard on his back.

He admits that he was then placed in the sheriff's vehicle where he "accidentally" kicked out a window. They then put him in another vehicle and "hogged tied" him, apparently with ankle cuffs. He then claims that he was taken to the County Jail where he was dropped on the concrete floor.

He admits that on August 30, 1999, he was convicted and sentenced to 15 years. The conviction records are attached as Exh. 1-3. They show he plead guilty to:

A.       Theft of a firearm;

B.       Assaulting a public servant (i.e., Defendant Cruz); and

C.       Aggravated assault with a deadly weapon on his wife.

2

### IV. Defendant Cruz is Entitled to Qualified
### Immunity Against § 1983 Claims Raised by Amended Complaint

A.    Standard of Review

Defendant Cruz moves to dismiss the federal claims based on qualified immunity.

Under Rule 12(b)(6), the Court must accept the allegations as true and must review them in the light most favorable to the Plaintiff, drawing all reasonable inferences in favor of the pleader. *Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996). Dismissal under Rule 12(b)(6) is correct when it appears that no relief can be granted under any set of facts that can be proven consistent with the allegations. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 529 (5th Cir. 1996). However, the complaint must state facts, not conclusions, to survive a Rule 12(b)(6) challenge. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

Plaintiff has a heightened burden to plead specific facts defeating Defendant's qualified immunity from § 1983 claims. *Schultea v. Wooa*, 47 F.3d 1427, 1430 (5th Cir. 1995) (en banc). The complaint must state facts defeating qualified immunity, not mere legal conclusions. *Schultea*, 47 F.3d at 1433.

The court may order Plaintiff to file a reply under Fed.R.Civ.Pr. 7 that states specific facts that defeat the qualified immunity defense raised by Defendants' answer. *Schultea*, 47 F.3d at 1434.

B.    Individual Defendant Entitled to Qualified Immunity

Qualified immunity protects an officer from claims under 42 USC § 1983 if a reasonably prudent police officer would not know the actions violated clearly established constitutional law. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). The officer will have qualified immunity if the conduct was objectively reasonable under the existing federal law. *Dunn v. Denk*, 79 F.3d 401, 403 (5th Cir. 1996) (en banc).

The U.S. Supreme Court has set out a clear, two step process to determine whether the complaint can defeat qualified immunity. Once the defense of qualified immunity is alleged, the trial judge must first determine whether the plaintiff has alleged a constitutional violation at all. *Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *Petta v. Rivera*, 143 F.3d 895, 899 (5th Cir. 1998). The court must then determine whether defendant's actions violated "clearly established" constitutional law at the time of the conduct and whether the defendant's actions were objectively reasonable. *Siegert*, 500 U.S. at 231; *Petta*, 143 F.3d at 899-900.

For constitutional law to be "clearly established," plaintiff must prove more than the broad contours of established rights or broad legal truisms. *Kaiser v. Garrett*, 67 F.3d 1166, 1170 (5th Cir. 1995). The contours of the constitutional right must be defined narrowly enough so that the official would know, given the information known to him at the time of taking action, that his acts violated established constitutional rights in the light of pre-existing law. *Gutierrez v. City of San Antonio*, 139 F.3d 441, 445 (5th Cir. 1998).

4

To determine what law was "clearly established," the Court should consult U.S. Supreme Court and Fifth Circuit precedent. *Brady v. Ft. Bend County*, 58 F.3d 173, 175-76 (5th Cir. 1995); *Alton v. Hopgood*, 994 F.Supp. 827, 835, n. 5 (S.D.Tex. 1998) *aff'd* 168 F.3d 197 (5th Cir. 1999). If reasonable officials could disagree, the officer has qualified immunity. *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995). If case law has not staked out a bright line, qualified immunity almost always protects; public officers have no duty to draw creative analogies from prior cases. *Lassiter v. Alabama A & M Univ. Bd. of Trustees*, 28 F.3d 1146, 1150 (5th Cir. 1994).

C.    Plaintiff Has Not Alleged Violation of a Constitutional Right

A claim for excessive force in violation of the Constitution requires (1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable. *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999). The amount of force that is constitutionally permissible must be judged by the context in which that force is deployed. *Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir. 1996).

The only facts Bejaran pleads do not show clearly that (1) the force used was objectively unreasonable, or (2) his claimed injury directly resulted from only force that was clearly excessive to the need. First, he admits resisting arrest, striking Cruz while being subdued, and then kicking the window out of the police vehicle. Second, he was arrested at the scene of a violent offense, his savage beating of his wife. The officers were entitled to use force to arrest him, to end his violence to his wife, to protect themselves, and to subdue

5

him. The only force he claims Defendant Cruz used was (1) to force him to the ground to be arrested, (2) in defense after he kicked Cruz in the face, (3) to ankle cuff him after he kicked out a window in the sheriff's vehicle, and (4) as he was lead from the vehicle in ankle cuffs. He admits to several facts showing that he was a violent offender, assaulted police officers, and struggled to avoid arrest and continued confinement. Officers are not required to make nice or mathematical calculations of the force necessary to subdue him when the safety of Mrs. Bejaran and themselves were in jeopardy. Therefore, Plaintiff must allege specific facts, not broad conclusions, that would show that no reasonable officer would conclude the specific amount of force used was reasonable under the circumstances.

It doubtful Plaintiff can properly allege facts showing excessive force was arrested. His conviction collaterally estops him from asserting Dep. Cruz used excessive force. *See, Texas Dept. Public Safety v. Petta,* 44 S.W.3d 575, 579-580 (Tex. 2001)(plaintiff's state conviction for eluding a police office precluded her from claiming officer used excessive force during the arrest in her section 1983 suit). Bejaran was convicted under Texas Penal Code section 22.02(b)(1) for aggravated assault on a peace officer. It would be an affirmative defense for Bejaran if Dep. Cruz used more force than was necessary to arrest Beharan; Dep. Cruz could not be liable for assaulting Bejaran if he only so much force as was necessary to arrest Bejaran. *Petta,* 44 S.W.3d at 579. The conviction necessarily precludes a finding that Dep. Cruz used an unreasonable amount of force. *Id.*

6

By attaching the convictions, Defendant Cruz does not convert this motion to one for summary judgment. Documents referred to in the complaint but not attached may be offered and considered in determining the sufficiency of the complaint. *See, e.g., Eason v. Holt,* 73 F.3d 600, 603 (5th Cir. 1996); *GFF Corp. v. Assoc. Wholesale Grocers,* 130 F.3d 1381, 1384-85 (10th Cir. 1997). The point is that, having admitted this conviction, Bejaran must explain what facts he can allege that give him any claim, given that he cannot contest the facts supporting his conviction.

### D.    State Law Claims are Barred by Section 101.106

Texas Civil Practices & Remedies Code, section 101.106 provides that a judgment in an action against the City has any suit over the same subject matter against its employees.[1] Sec. 101.106 is triggered by any judgment, even a judgment in favor of the City. *Dallas County MHMR v. Bossley,* 968 S.W.2d 339, 343-44 (Tex. 1998), *cert. denied,* 119 S.Ct. 541 (1998). Bejaran has sued the County and Dep. Cruz individually and in his official capacity.

Because "official capacity" claims against the officer really claims against the agency, *sovereign immunity* applies to bar "official capacity" claims under state law. *Holland v. City of Houston,* 41 F.Supp. 2d 678, 716 (S.D.Tex. 1999). Under Texas law, claims against the

---

[1] § 101.106 provides:

"A judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim."

7

official in his individual capacity are subject to the defense of "official immunity", but not the defense of sovereign immunity. *Holland,* 42 F.Supp.2d at 716.

Section 101.106 provides that *any* action against the official is barred, and therefore gives the officer immunity from suit. *Newman v. Obersteller,* 960 S.W.2d 621, 623 (Tex. 1997). Therefore, when the governmental agency is dismissed, section 101.106 bars "individual capacity" claims against the official. *Beasley v. Clark,* 986 S.W.2d 256, 257 (Tex. App.-Houston [1st Dist.] 1998, no pet.); *Holland,* 41 F.Supp.2d at 717-18.

At some point, there will be a disposition of the claims against the County and Dep. Cruz in his official capacity. Therefore, keeping him in the suit individually, is superfluous. He will have to be dismissed individually, whether or not Plaintiff prevails against the County. *See, e.g., Gonzalez v. El Paso Hosp. Dist.,* 940 S.W.2d 793, 795 (Tex. App.-El Paso 1997, no writ). Because he will have to be dismissed at that point, there is no point to retaining him in the suit individually.

WHEREFORE, PREMISES CONSIDERED, Defendant Cruz prays the Court grant the relief requested, and any other such further relief to which he may show himself entitled.

Respectfully submitted,

ADAMS & GRAHAM, L.L.P.
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495, FAX: 956/428-2954

By: _____
CRAIG VITTITOE
Federal ID No. 18756
Texas State Bar No. 20593900
ROGER W. HUGHES
Federal ID No. 5950
Texas State Bar No. 10229500

Attorney-in-Charge for Defendant CRUZ

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this _____ day of May, 2002, to the following counsel of record and interested parties:

Attorney of record for Plaintiff, ANTONIO BEJARAN:

Mr. Antonio Bejaran, Jr.          **CMRRR No. 7001 2510 0004 2061 5055**
Prisoner # 898233
Dominguez St. Jail
6535 Cagnon Road
San Antonio, TX  78252

_____
ROGER W. HUGHES

9

# CERTIFIED COPY

## CAUSE NO. 99-CR-780-A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS | § | CAMERON COUNTY, TEXAS |
| ANTONIO BEJARAN, JR. | § | 107TH JUDICIAL DISTRICT |

### JUDGMENT OF CONVICTION;
### SENTENCE TO INSTITUTIONAL DIVISION

Judge Presiding:  Benjamin Euresti, Jr.                    Date of Judgment:   11-4-99

State's                                                              Defendant's
Attorney:    Terra Bay                                          Attorney:   Nat Perez

Offense
Convicted of:  Theft of a Firearm & Habitual           Date of Conviction:   8-30-99

Degree of Offense:  Second Degree Felony            Date Offense Committed: 2-4-99

Charging Instrument:  Indictment

Plea to Court:  Guilty                                     Verdict of Court: Guilty

Term of Plea Agreement (In Detail): 15 Years TDCJ & Deadly Weapon Finding - 99-CR-783-A
to be dismissed; To run concurrent with 99-CR-781-A & 99-CR-782-A

Plea to Enhancement:  True                              Findings on Enhancement:  True

Finding on Special Issue (In Detail):  Affirmative finding of a deadly weapon.

Date Sentence Imposed:  8-30-99                           Costs: $186.25

Sentence of Imprisonment
Institutional Division:  Fifteen (15) Years TDCJ-ID        Fine:   -0-

Time Credited: 123 Days                          Date to Commence: 8-30-99

Total Amount of Restitution:  n/a

Restitution To Be Paid To:    n/a                 Name:
                                                                     Address:

This sentence is to be served concurrent with any other sentence unless otherwise specified.

On the date stated above, the above numbered and entitled cause was reached and called for trial, and the State appeared by the attorney stated above, and the Defendant and the Defendant's attorney were also present. Thereupon, both sides announced ready for trial, and the Defendant, Defendant's attorney, and the State's attorney agreed in open court and in writing to waive a jury in the trial of this cause and to submit it to the Court. The Court consented to the waiver of a jury herein. The Defendant further waived the reading of the indictment and, upon being asked by the Court as to how the Defendant pleaded, entered a plea of guilty to **Theft of a Firearm & Habitual.** Thereupon, the Defendant was admonished by the Court of the consequences of said plea, and, it appearing to the Court that the Defendant was competent to stand trial and that the Defendant was not influenced in making said plea by any consideration of fear or by any persuasion prompting a confession of guilt, the free and voluntary plea of guilty was received by the Court and is now entered of record in the minutes of the Court as the plea of the Defendant. The Court, having heard all evidence from the State and the Defendant, and having heard argument of counsel for both parties, found that there was sufficient evidence to support the Defendant's plea and found the Defendant guilty of the offense stated above.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the Defendant is guilty of the offense stated above, and, both parties having waived the pre-sentence investigation report, the punishment is assessed by the Court at **FIFTEEN (15) YEARS** at the Texas Department of Criminal Justice, Institutional Division, *and the Court further makes an affirmative finding that a deadly weapon was used during the commission of this offense,* and the State of Texas do have and recover of said Defendant all court costs in this prosecution expended for which execution will issue.

And thereupon the Court asked the Defendant whether the Defendant had anything to say why said sentence should not be pronounced upon said Defendant, and the Defendant answered nothing in bar thereof. Whereupon the Court proceeded, in the presence of said Defendant and the Defendant's attorney, to pronounce sentence upon said Defendant as follows:

IT IS ORDERED by the Court that the Defendant, who has been adjuged guilty of the offense stated above, be and is hereby sentenced to the punishment stated above. The Defendant shall be taken by the authorized agent of the State of Texas or by the Sheriff of Cameron County, Texas, and by him safely conveyed and delivered to the Director of the institutional division of the Texas Department of Criminal Justice, there to be imprisoned in the manner and for the period aforesaid. The Defendant is hereby remanded to the custody of the Sheriff, until such time as the Sheriff can obey the directions of this sentence.

IT IS FURTHER ORDERED by the Court that Defendant's left or right thumb be fingerprinted, and that said thumbprint be marked as Exhibit "A" and is made a part hereof for all purposes.

Said Defendant is given credit on this sentence for **123** days on account of the time spent in jail.

IT IS FURTHER ORDERED by the Court that this sentence run concurrent with Cause Numbers 99-CR-781-A & 99-CR-782-A.

SIGNED FOR ENTRY:  November 4, 1999.

Judge Presiding

A TRUE COPY I CERTIEY
**AURORA DE LA GARZA, CLERK**
DISTRICT COURT CAMERON COUNTY TEXAS
DATE
BY
DEPUTY

NOV - 4 1999
DISTRICT COURT, CAMERON COUNTY, TEXAS
BY

CAUSE NO.: *99-CR-780-A*

THE STATE OF TEXAS        *    IN THE DISTRICT COURT OF

vs                     *    CAMERON COUNTY, TEXAS

*ANTONIO BEJARAN, JR.*      *    *107th* JUDICIAL DISTRICT

### DEFENDANTS' THUMBPRINT

The following is the thumbprint of the right thumb of: *ANTONIO BEJANRAN JR.*, Defendant in this cause, *99-CR-780-A* in this Court:



(Defendant's Initials)

Taken on this _30_ day of _AUGUST_, 19_99_ by:

_Roy S. Garcia_
(Signature)

_107th District Court Bailiff_
Title of Person Authorized
To Take Thumbprint

Judgment signed for entry herein the _4th_ day of _November_ 19_99_

E X H I B I T   " A "

CA FORM: TWOHDC
1/61 CMCD

# CRIMINAL DOCKET

REPORTEC
NOV -- 1999

REPORTEC
WRIT...

Case No.
99-CR-00000700-A
DEF ID#: 63767

| NAMES OF PARTIES | ATTORNEYS | OFFENSE | DATE OF FILING |
|---|---|---|---|

| | | | Month | Day | Year |
|---|---|---|---|---|---|
| THE STATE OF TEXAS | DISTRICT ATTORNEY, CAMERON COUNTY | THEFT OF A FIREARM ENHANCEMENT | 06 | 23 | 1999 |
| VS. | | | | | |
| ANTONIO BEJARAN, JR. | | | | | |
| DoB: 06/25/55 | | | | | |
| | HON. NAT PEREZ (A) | | | | |

| Date of Orders | | | ORDERS OF COURT | PAPERS FILED | Month | Day | Year |
|---|---|---|---|---|---|---|---|
| Month | Day | Year | | | | | |
| JUNE | 23 | 1999 | TRANSFERRED FROM THE 197TH DISTRICT COURT. M. LOPEZ /GM | 06/23/99 ORDER TRANSFERRING CAUSE | | | |
| JULY | 21 | 1999 | BOND SET AT $15,000 CASH/SURETY.    ROBERT GARZA/Quedrano | 7/21/99  BOND ($3,000 - PTR) 1B | | | |
| JULY | 21 | 1999 | ARRAIGNMENT SET FOR JULY 28, 1999 AT 1:00 P.M.    BENJAMIN EURESTI, JR./Quedrano /GM | 7/21/99  NOTICE OF ARRAIGNMENT | | | |
| JULY | 28 | 1999 | All parties appeared and announced ready.  Defendant arraigned and entered his plea of not guilty.  Case set for Arm. for Aug. 27, 1999 at 8:30 a.m.; TRIAL for Aug. 30, 1999 at 8:30 a.m.  BEJR/dee | 7/28/99 - ARRAIGNMENT  SERVED: 7-22-99 FILED: | | | |
| AUG. | 30, | 1999 | Hearing on Plea.  State and Defendant appeared and announced ready.  Defendant waived rights, including, right to trial by jury, and entered plea of guilty.  Defendant per sisted in plea of guilty after being properly admonished of his rights, and the consequences of his plea.  PLEA BARGAIN: 15 YRS TDC/ID & DEADLY WEAPON FINDING: 99-CR-783-A TO BE DISMISSED. THIS CASE TO RUN CONCURRENT WITH 99-CR-781-A & 99-CR-782-A. Court finds that the Defendant is mentally competent to enter plea of guilty, that he understands his right, that he freely and voluntarily waives his rights and freely and voluntarily enters this plea of guilty.  Court finds the Defendant guilty. PSI waived by State and Defendant.  All parties announced ready to proceed with punishment.   PUNISHMENT: The Court finds Defendant guilty of THEFT OF A FIREARM.  Punishment assessed at confinement at TDC/ID for 15 years; The Court made finding of a Deadly Weapon. Credit for time served. This case to run concurrent with 99-CR-781-A & 99-CR-782-A. | | | |

Left side disposition block:

| AGE | DEF. NO. |
|---|---|
| DATE OF FINAL DISPO. | 8-30-99 |
| PLEA: P/G - NO JURY | |
| P/NG - JURY | |
| P/NG - NO JURY | |
| DISPOSITION: | |
| TDC 15 YEARS  PROB. | |
| FINE | |
| RESTITUTION | |
| COURT COSTS | |
| $136.25  WAIVER OF SPEEDY TRIAL | |

DISM. ADJ.
ACQUITTAL   JAIL
MISD.

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT, CAMERON COUNTY, TEXAS

BY _____ DEPUTY
DATE _____

VOL. CR _____  PAGE _____

VOL. _____ PAGE _____

99-CR-780-A          The State of Texas          vs.    ANTONIO BEJARAN, JR.

| Date of Orders | | | ORDERS OF COURT | PAPERS FILED |
|---|---|---|---|---|
| th | Day | Year | | |
| 11 | 4 | 99 | JUDGMENT OF CONVICTION; SENTENCE TO INSTITUTIONAL DIVISION SIGNED FOR ENTRY. BEDRESTLIN/ESALAS | 8/30/99 WRITTEN WAIVER AND CONSENT TO STIPULAITON OF TESTIMONY, WAIVER OF JURY, AND PLEA OF GUILTY |
| | | | JUDGMENT OF CONVICTION AND SENTENCE | 06/27/00 FIRST APPLICATION FOR POSTCONVICTION WRIT OF HABEAS CORPUS |
| | | | DATE 8-30-99 | 08/01/00 -CLERK'S RECORD MAILED TO COURT OF CRIMINAL APPEALS (WRIT I) |
| | 31 | 2000 | ORDER DENYING APPLICANT'S APPLICATION FOR WRIT OF HABEAS CORPUS SIGNED FOR ENTRY. BEDRESTLIN/JCRUZ | |
| 9 | 13 | 2000 | APPLICATION FOR POSTCONVICTION WRIT OF HABEAS CORPUS WAS DENIED W/O WRITTEN ORDER BY COURT OF CIMINAL APPEALS | |

# CERTIFIED COPY

## CAUSE NO. 99-CR-781-A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS | § | CAMERON COUNTY, TEXAS |
| **ANTONIO BEJARAN, JR.** | § | 107TH JUDICIAL DISTRICT |

### JUDGMENT OF CONVICTION:
### SENTENCE TO INSTITUTIONAL DIVISION

Judge Presiding:  Benjamin Euresti, Jr.            Date of Judgment:  11-4-99

State's                                            Defendant's
Attorney:    Terra Bay                             Attorney:   Nat Perez

Offense
Convicted of:  Assault on Peace Officer & Enhancement Count Date of Conviction:   8-30-99

Degree of Offense:  Second Degree Felony           Date Offense Committed:  5-5-99

Charging Instrument:   Indictment

Plea to Court:   Guilty                            Verdict of Court: Guilty

Term of Plea Agreement (In Detail): 15 Years TDCJ - 99-CR-783-A to be dismissed. To
run concurrent with 99-CR-780 & 99-CR-782-A

Plea to Enhancement:  True                         Findings on Enhancement:  True

Finding on Special Issue (In Detail):  n/a

Date Sentence Imposed:  8-30-99                     Costs: $186.25

Sentence of Imprisonment
Institutional Division:   Fifteen (15) Years TDCJ-ID     Fine:   -0-

Time Credited:  118 Days                           Date to Commence:  8-30-99

Total Amount of Restitution:   n/a

Restitution To Be Paid To:    n/a          Name:
                                           Address:

This sentence is to be served concurrent with any other sentence unless otherwise specified.

On the date stated above, the above numbered and entitled cause was reached and called for trial, and the State appeared by the attorney stated above, and the Defendant and the Defendant's attorney were also present. Thereupon, both sides announced ready for trial, and the Defendant, Defendant's attorney, and the State's attorney agreed in open court and in writing to waive a jury in the trial of this cause and to submit it to the Court. The Court consented to the waiver of a jury herein. The Defendant further waived the reading of the indictment and, upon being asked by the Court as to how the Defendant pleaded, entered a plea of guilty to **Assault on Peace Officer & Enhancement Count**. Thereupon, the Defendant was admonished by the Court of the consequences of said plea, and, it appearing to the Court that the Defendant was competent to stand trial and that the Defendant was not influenced in making said plea by any consideration of fear or by any persuasion prompting a confession of guilt, the free and voluntary plea of guilty was received by the Court and is now entered of record in the minutes of the Court as the plea of the Defendant. The Court, having heard all evidence from the State and the Defendant, and having heard argument of counsel for both parties, found that there was sufficient evidence to support the Defendant's plea and found the Defendant guilty of the offense stated above.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the Defendant is guilty of the offense stated above, and, both parties having waived the pre-sentence investigation report, the punishment is assessed by the Court at **FIFTEEN (15) YEARS** at the Texas Department of Criminal Justice, Institutional Division, and the State of Texas do have and recover of said Defendant all court costs in this prosecution expended for which execution will issue.

And thereupon the Court asked the Defendant whether the Defendant had anything to say why said sentence should not be pronounced upon said Defendant, and the Defendant answered nothing in bar thereof. Whereupon the Court proceeded, in the presence of said Defendant and the Defendant's attorney, to pronounce sentence upon said Defendant as follows:

IT IS ORDERED by the Court that the Defendant, who has been adjudged guilty of the offense stated above, be and is hereby sentenced to the punishment stated above. The Defendant shall be taken by the authorized agent of the State of Texas or by the Sheriff of Cameron County, Texas, and by him safely conveyed and delivered to the Director of the institutional division of the Texas Department of Criminal Justice, there to be imprisoned in the manner and for the period aforesaid. The Defendant is hereby remanded to the custody of the Sheriff, until such time as the Sheriff can obey the directions of this sentence.

IT IS FURTHER ORDERED by the Court that Defendant's left or right thumb be fingerprinted, and that said thumbprint be marked as Exhibit "A" and is made a part hereof for all purposes.

Said Defendant is given credit on this sentence for **118** days on account of the time spent in jail.

IT IS FURTHER ORDERED by the Court that this sentence run concurrent with Cause Numbers 99-CR-780-A & 99-CR-782-A.

SIGNED FOR ENTRY: November 4, 1999.



Judge Presiding

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY TEXAS
DATE _____
BY_____
DEPUTY

NOV - 4 1999

CAUSE NO.: *99-CR-781-A*

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | IN THE DISTRICT COURT OF |
| vs | * | CAMERON COUNTY, TEXAS |
| *ANTONIO BEJANRAN JR* | * | *107th* JUDICIAL DISTRICT |

### DEFENDANTS' THUMBPRINT

The following is the thumbprint of the right thumb of: *ANTONIO BEJANRAN JR.* _____, Defendant in this cause, *99-CR-781-A* _____ in this Court:



(Defendant's Initials)

Taker on this *30* day of *AUGUST*, 19*99* by:

*Roy S Garcia*
(Signature)

*107th DISTRICT Court BaiLiFF*
Title of Person Authorized
To Take Thumbprint

Judgment signed for entry herein the *4th* day of *November* 19*99*

# E X H I B I T   " A "

# CRIMINAL DOCKET

REPORTED
NOV - - 1999

REPORTED

Case No. 99-CR-00007781-A
DEF ID#: 63767

| | Date of Filing | | |
|---|---|---|---|
| OFFENSE | Month | Day | Year |
| ASSAULT ON A PUBLIC SERVANT ENHANCEMENT | 06 | 23 | 1999 |

| DISPOSITION: | | | |
|---|---|---|---|
| PLEA - P/G - NO JURY | | | |
| P/NG - P/G - NO JURY | | | |
| P/NG - NO JURY | | | |
| PROB. | DISM. | ACQUITTAL | |
| TDC 15 YEARS | JAIL | | |
| RESTITUTION | FINE | | |
| 18 & 25 | COURT COSTS | MISD. | |
| YEARS TDC PROB. | | | |
| WAIVER OF SPEEDY TRIAL | | | |

AGE 6  DEF. ADJ.
DATE OF FINAL DISPO. 8-30-99

| Date of Orders | | | | NAMES OF PARTIES | ORDERS OF COURT | ATTORNEYS | PAPERS FILED |
|---|---|---|---|---|---|---|---|
| Month | Day | Year | | | | | |
| JUNE | 23 | 1999 | | TRANSFERRED FROM THE 197TH DISTRICT COURT. M. LOPEZ | | /GM | 06/23/99 ORDER TRANSFERRING CAUSE |
| JULY | 21 | 1999 | | ARRAIGNMENT SET FOR JULY 28, 1999 AT 1:00 P.M. BENJAMIN EURESTI, JR./Medrano | | 7/21/99 | NOTICE OF ARRAIGNMENT |
| JULY | 21 | 1999 | | BOND SET AT $15,000 CASH/SURETY. ROBERT GARZA/Medrano | | 7/21/99 | SERVED: 7/28/99 ARRAIGNMENT(C1) |
| JULY | 28 | 1999 | | All parties appeared and announced ready. Defendant arraigned and entered hsi plea of not guilty. Case set for Ann. for Aug. 27, 1999 at 8:30 a.m.; Trial for Aug. 30, 1999 at 8:30 a.m. BEJR/dee | | 7/28/99 | |
| AUG. | 30. | 1999 | | Hearing on Plea. State and Defendant appeared and announced ready. Defendant waived rights, including, right to trial by jury, and entered plea of guilty. Defendant persisted in plea of guilty after being properly admonished of his rights and the consequences of his plea. PLEA BARGAIN: 15 YRS TDC/ID: 99-CR-783-A TO BE DISMISSED. THIS CASE TO RUN CONCURRENT WITH 99-CR-780-A & 99-CR-782-A. Court finds that the Defendant is mentally competent to enter plea of guilty, that he understands his right, that he freely and voluntarily waives his rights and freely and voluntarily enters this plea of guilty. Court finds the Defendant guilty. PSI waived by State and Def. All parties announced ready to proceed with punishment. PUNISHMENT: The Court finds the Defendant guilty of ASSAULT ON A PUBLIC SERVANT. Punishment assessed at confinement at TDC/ID for 15 years; Credit for time served. This case to run concurrent with 99-CR-780-A & 99-CR-782-A. BEJR/dee | | | |

## NAMES OF PARTIES

THE STATE OF TEXAS
VS.
ANTONIO BEZARAN, JR.

DOB: 06/15/55

## ATTORNEYS

DISTRICT ATTORNEY, CAMERON COUNTY

HON. NAT PEREZ (A)

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE
BY ___ DEPUTY

DISTRICT CLERK
CAMERON COUNTY, TEXAS

No. 99-CR-781-A          The State of Texas          vs.          ANTONIO BEJARAN, JR.

VOL. _____ PAGE _____

| Date of Orders | | | ORDERS OF COURT | PAPERS FILED |
|---|---|---|---|---|
| Month | Day | Year | | |
| 11 | 4 | 99 | JUDGMENT OF CONVICTION: SENTENCE TO INSTITUTIONAL DIVISION SIGNED FOR ENTRY. BEURESTI/JR/ESALAS | 8/30/99   WRITTEN WAIVER AND CONSENT TO STIPULATION OF TESTIMONY, WAIVER OF JURY, AND PLEA OF GUILT |
| | | | JUDGMENT OF CONVICTION AND SENTENCE | 06/27/00 FIRST APPLICATION FOR WRIT OF HABEAS CORPUS FOR POSTCONVICTION RELIEF |
| | | | DATE   8-30-99 | 08/01/00 CLERK'S RECORD MAILED TO COURT OF CRIMINAL APPEALS (WRIT I) |
| 07 | 31 | 00 | ORDER DENYING ORDER ON APPLICANT'S APPLICATION FOR WRIT OF HABEAS CORPUS SIGNED FOR ENTRY...BEURESTI/JR/JCRUZ | |
| 09 | 13 | 2000 | APPLICATION FOR POSTCONVICTION WRIT OF HABEAS CORPUS DENIED WITHOUT WRITTEN ORDER BY COURT OF CRIMINAL APPEALS....RJSEERDEN/JCRUZ | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

# CERTIFIED COPY

## CAUSE NO. 99-CR-782-A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS | § | CAMERON COUNTY, TEXAS |
| ANTONIO BEJARAN, JR. | § | 107TH JUDICIAL DISTRICT |

### JUDGMENT OF CONVICTION;
### SENTENCE TO INSTITUTIONAL DIVISION

Judge Presiding: Benjamin Euresti, Jr.          Date of Judgment:  11-4-99

State's                                         Defendant's
Attorney:   Terra Bay                           Attorney:   Nat Perez

Offense          Aggravated Assault with a Deadly Weapon
Convicted of:  & Enhancement Count              Date of Conviction:   8-30-99

Degree of Offense:  First Degree Felony          Date Offense Committed: 5-5-99

Charging Instrument:  Indictment

Plea to Court:  Guilty                          Verdict of Court: Guilty

Term of Plea Agreement (In Detail): 15 Years TDCJ & Deadly Weapon Finding - To run
concurrent with 99-CR-780-A & 99-CR-781-A

Plea to Enhancement: True                       Findings on Enhancement:  True

Finding on Special Issue (In Detail):  Affirmative finding of a deadly weapon.

Date Sentence Imposed:  8-30-99                 Costs: $186.25

Sentence of Imprisonment
Institutional Division:  Fifteen (15) Years TDCJ-ID      Fine:   -0-

Time Credited:  118 Days                        Date to Commence: 8-30-99

Total Amount of Restitution:  n/a

Restitution To Be Paid To:   n/a           Name:
                                           Address:

This sentence is to be served concurrent with any other sentence unless otherwise specified.

On the date stated above, the above numbered and entitled cause was reached and called for trial, and the State appeared by the attorney stated above, and the Defendant and the Defendant's attorney were also present. Thereupon, both sides announced ready for trial, and the Defendant, Defendant's attorney, and the State's attorney agreed in open court and in writing to waive a jury in the trial of this cause and to submit it to the Court. The Court consented to the waiver of a jury herein. The Defendant further waived the reading of the indictment and, upon being asked by the Court as to how the Defendant pleaded, entered a plea of guilty to **Aggravated Assault with a Deadly Weapon & Enhancement Count.** Thereupon, the Defendant was admonished by the Court of the consequences of said plea, and, it appearing to the Court that the Defendant was competent to stand trial and that the Defendant was not influenced in making said plea by any consideration of fear or by any persuasion prompting a confession of guilt, the free and voluntary plea of guilty was received by the Court and is now entered of record in the minutes of the Court as the plea of the Defendant. The Court, having heard all evidence from the State and the Defendant, and having heard argument of counsel for both parties, found that there was sufficient evidence to support the Defendant's plea and found the Defendant guilty of the offense stated above.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the Defendant is guilty of the offense stated above, and, both parties having waived the pre-sentence investigation report, the punishment is assessed by the Court at **FIFTEEN (15) YEARS** at the Texas Department of Criminal Justice, Institutional Division, *and the Court further makes an affirmative finding that a deadly weapon was used during the commission of this offense,* and

the State of Texas do have and recover of said Defendant all court costs in this prosecution expended for which execution will issue.

And thereupon the Court asked the Defendant whether the Defendant had anything to say why said sentence should not be pronounced upon said Defendant, and the Defendant answered nothing in bar thereof. Whereupon the Court proceeded, in the presence of said Defendant and the Defendant's attorney, to pronounce sentence upon said Defendant as follows:

IT IS ORDERED by the Court that the Defendant, who has been adjuged guilty of the offense stated above, be and is hereby sentenced to the punishment stated above. The Defendant shall be taken by the authorized agent of the State of Texas or by the Sheriff of Cameron County, Texas, and by him safely conveyed and delivered to the Director of the institutional division of the Texas Department of Criminal Justice, there to be imprisoned in the manner and for the period aforesaid. The Defendant is hereby remanded to the custody of the Sheriff, until such time as the Sheriff can obey the directions of this sentence.

IT IS FURTHER ORDERED by the Court that Defendant's left or right thumb be fingerprinted, and that said thumbprint be marked as Exhibit "A" and is made a part hereof for all purposes.

Said Defendant is given credit on this sentence for **118** days on account of the time spent in jail.

IT IS FURTHER ORDERED by the Court that this sentence run concurrent with Cause Numbers 99-CR-780-A & 99-CR-781-A.

SIGNED FOR ENTRY: November 4, 1999.

_____
Judge Presiding

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE _____
BY _____
    DEPUTY

NOV - 4 1999

DIST. CLERK

COURT CAMERON COUNTY, TEXAS

CAUSE NO. _99-CR-782-A_

THE STATE OF TEXAS                    )        IN THE DISTRICT COURT OF

VS                                    :        CAMERON COUNTY, TEXAS

_ANTONIO BEJARAN JR._                 )        _107th_ JUDICIAL DISTRICT

### FINGERPRINT OF DEFENDANT'S RIGHT THUMB

The following is the fingerprint of the right thumb of:

_ANTONIO BEJARAN JR._____, Defendant in this cause,

convicted of a felony in this Court.



(Defendant's initials)

Taken on this _30_ day of _August_____, 19_99_ by:

_____
(Signature)

_107th District Court Bailiff_
Title of Person Authorized to
Take Fingerprints

Judgment signed for entry herein the __4th__ day of _November_

19_99_.

E X H I B I T    "A"

# CRIMINAL DOCKET

REPORTED

**Case No.** CR-00000782-
**DEF ID#:** 63767

| | DATE OF FILING |
| OFFENSE | Month | Day | Year |
| AGGRAVATED ASSAULT ENHANCEMENT | 06 | 23 | 199 |

REPORTED
NOV -- 1999

DISPOSITION:

| PLEA: P/G - NO JURY |
| P/NG - JURY |
| P/NG - NO JURY |

PROB. ___ DISM. ___ ACQUITTAL
TDC ___ JAIL ___

YEARS TDC
FINE ___
RESTITUTION ___
COURT COSTS ___
WAIVER OF SPEEDY TRIAL ___

AGE: B   DEF. ADJ.
DATE OF FINAL DISPO. 8-30-99

| | NAMES OF PARTIES | ATTORNEYS |

ANTONIO BEJARAN, JR.
VS.
THE STATE OF TEXAS

DOB- 06/15/95

DISTRICT ATTORNEY, CAMERON COUNTY

HON. NAT PEREZ (A)

| | Date of Orders | | | ORDERS OF COURT | PAPERS FILED |
| | Month | Day | Year | | |
| | JUNE | 23 | 199 | TRANSFERRED FROM THE 197TH DISTRICT COURT. M. LOPEZ | 06/23/99 ORDER TRANSFERRING CAUSE |
| | JULY | 21 | 1999 | ARRAIGNMENT SET FOR JULY 28, 1999 AT 1:00 P.M.   BENJAMIN EURESTI, JR./Chediano | /GM |
| | JULY | 21 | 1999 | BOND SET AT $15,000 CASH/SURETY.   ROBERT GARZA/Chediano | 7/21/99  NOTICE OF ARRAIGNMENT |
| | JULY | 28 | 1999 | All parties appeared and announced ready. Defendant arraigned and entered his plea of not guilty. Case set for Arr. for Aug. 27, 1999 at 8:30 a.m. BEJR/dse | 7/28/99 - ARRAIGNMENT   PRECEPT ISSUED (CJ) |
| | AUG. | 30 | 1999 | Hearing on Plea.   State and Defendant appeared and announced ready.   Defendant waived rights, including, right to trial by jury, and entered plea of guilty. Defendant persisted in plea of guilty after being properly admonished of his rights and the consequences of his plea.   PLEA BARGAIN: 15 YRS TDC/ID & DEADLY WEAPON FINDING. THIS CASE TO RUN CONCURRENT WITH 99-CR-780-A & 99-CR-781-A. Court finds that the Defendant is mentally competent to enter plea of guilty, that he understands his right, that he freely and voluntarily waives his rights and freely and voluntarily enters this plea of guilty. Court finds the Defendant guilty. PSI waived by State and Defendant. All parties announced ready to proceed with punishment.   PUNISHMENT: The Court finds Defendant guilty of Agg. Assit. Punishment assessed at confinement at TDC/ID for 15 years; The Court makes a finding of a Deadly Weapon. Credit for time served. This case to run concurrent with 99-CR-780-A & 99-CR-781 BEJR/dse | 7/26/99 NOTICE OF BUSINESS RECORD FIL.   SERVED: 7-22-99 FILED: By |

AURORA DE LA GARZA, CLERK
DISTRICT COURT, CAMERON COUNTY, TEXAS
A TRUE COPY I CERTIFY
DATE
DEPUTY

No. __99-CR-782-A__    The State of Texas    v. __ANTONIO BEJARAN, JR.__

| Date of Orders | | | ORDERS OF COURT | PAPERS FILED | VOL. / PAGE |
|---|---|---|---|---|---|
| Month | Day | Year | | | |
| 11 | 4 | 99 | JUDGMENT OF CONVICTION; SENTENCE TO INSTITUTIONAL DIVISION SIGNED FOR ENTRY. BEURESTLJR/ESALAS | 8/30/99 WRITTEN WAIVER AND CONSENT TO STIPULATION OF TESTIMONY, WAIVER OF JURY, AND PLEA OF GUIL | |
| | | | JUDGMENT OF CONVICTION AND SENTENCE  DATE 8-30-99 | 06/27/00 FIRST APPLICATION FOR WRIT OF HABEAS CORPUS FOR POSTCONVICTION RELIEF | |
| | | | | 08/01/00 CLERK'S RECORD MAILED TO COURT OF CRIMINAL APPEALS | |
| 12 | 13 | 99 | ORDER ON MOTION FOR SHOCK PROBATION DENIED SIGNED FOR ENTRY.  BEURESTLJR/ESALAS | | |
| 07 | 31 | 2000 | ORDER DENYING APLICANT'S APPLICATION FOR WRIT OF HABEAS CORPUS SIGNED FOR ENTRY....BEURESTLJR/JCRUZ | | |
| 09 | 13 | 2000 | APPLICATION FOR POSTCONVICTION WRIT OF HABEAS CORPUS DENIED W/O WRITTEN ORDER BY COURT OF CRIMINAL APPEALS | | |