UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ANTONIO BEJARAN, Plaintiff, | § § § | |
| v. | § § | |
| JOHN CRUZ, CAMERON COUNTY POLICE OFFICER, JOHN DOE, CO-WORKER OF JOHN CRUZ, AND MRS. OSHA, CAMERON COUNTY MEDICAL DEPARTMENT NURSE Defendant. | § § § § § § § | CIVIL ACTION NO. B-01-075 |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Antonio Bejaran sues Defendant Cameron County Deputy John Cruz, a co-worker of John Cruz, and Mrs. Osha, who apparently is employed as a nurse with the Cameron County Sheriff's Department. Plaintiff sues Cruz and his co-worker under 42 U.S.C. § 1983 for excessive force during his arrest. Bejaran sues Mrs. Osha for her alleged failure to render him medical attention after his arrest. For the following reasons, Plaintiff Bejaran's claims against the named Defendants should be DISMISSED.

### BACKGROUND

On May 5, 1999, Plaintiff Bejaran was arrested at his home. He was advised to lie down by Cameron County Sheriff's Department deputies in order to be handcuffed. He claims that he had a pre-existing back injury of some kind, and that the handcuffs were applied too tightly. He also claims that he "accidentally" struck Deputy Cruz. Bejaran also argues that Deputy Cruz came down hard on his back, and that he and his partner used excessive force during the arrest.

Bejaran admits that he was then placed in the sheriff's vehicle where he "accidentally" kicked out a window. The officers then placed him in another vehicle and "hogged tied" him, apparently with ankle cuffs. He further claims that he was taken to the Cameron County Jail, where he was dropped on the concrete floor.

Plaintiff admits that on August 30, 1999, he was convicted and sentenced to 15 years of incarceration. Bejaran pleaded guilty to theft of a firearm, assaulting a public servant (Defendant Cruz), and aggravated assault with a deadly weapon (on his wife).

## ANALYSIS

Under Rule 12(b)(6), the Court must accept the allegations as true and must review them in the light most favorable to the Plaintiff, drawing all reasonable inferences in favor of the pleader.[1] Dismissal under Rule 12(b)(6) is correct when it appears that no relief can be granted under any set of facts that can be proven consistent with the allegations.[2] However, the complaint must state facts, not conclusions, to survive a Rule 12(b)(6) challenge.[3]

The Defendants in this case claim that they are entitled to qualified immunity against 42 U.S.C. § 1983 claims. Plaintiff has a heightened burden to plead specific facts defeating Defendant's qualified immunity from § 1983 claims.[4] The complaint must state facts defeating qualified immunity, not mere legal conclusions.[5]

---

[1] Baker v. Putnal, 75 F.3d 190 (5th Cir. 1996).

[2] See Meadowbriar Home for Children, Inc. v. Gunn, 81 F.3d 521, 529 (5th Cir. 1996).

[3] See Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992).

[4] See Schultea v. Wood, 47 F.3d 1427, 1430 (5th Cir. 1995) (en banc).

[5] See Schultea, 47 F.3d at 1433.

To the extent the Defendants are sued in their individual capacities, they are protected by the doctrine of qualified immunity.[6] "The doctrine of qualified immunity shields public officials like the [defendants] from damages actions unless their conduct was unreasonable in light of clearly established law."[7] In order to overcome this defense, Bejaran must prove that the Defendants violated "clearly established statutory or constitutional rights of which a reasonable person would have known."[8]

It is the Plaintiff's burden to overcome the Defendant's qualified immunity.[9] Bejaran is held to a heightened pleading standard and must allege with particularity all material facts establishing his right to recovery, including facts which negate the official's qualified immunity defense.[10] Furthermore, he must do so by asserting something more than conclusory allegations.[11]

Most importantly, the first hurdle that Bejaran must clear is to state a claim of constitutional dimension.[12] Plaintiff Bejaran has failed to do so in his original complaint or any other pleadings he has filed over the course of this action. Bejaran has not overcome the

---

[6] See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1983).

[7] Elder v. Holloway, 510 U.S. 510, 512 (1994).

[8] See Harlow, 457 U.S. at 818; Anderson v. Creighton, 483 U.S. 635, 641 (1987); Bennet v. City of Grand Prairie, 883 F.2d 400, 408 (5th Cir. 1989).

[9] See Salas v. Carpenter, 980 F.2d 299 (5th Cir. 1992); Elliott v. Perez, 751 F.2d 1472, 1476-79 (5th Cir. 1985).

[10] See Jacquez v. Procunier, 801 F.2d 789, 791 (5th Cir. 1986).

[11] See e.g. Wicks v. Mississippi State Employment Services, 41 F.3d 991 (5th Cir. 1995).

[12] See Siegert v. Gilley, 111 S.Ct. 1789, 1793 (1991).

Defendants' assertion of qualified immunity, as is his burden. A claim for excessive force in violation of the Constitution requires (1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need, and (3) the force used was objectively unreasonable.[13] The only facts Bejaran pleads do not show clearly that (1) the force used was objectively unreasonable, or (2) his claimed injury directly resulted from only force that was clearly excessive to the need. Plaintiff has admitted to resisting arrest and the officers arrested him for a crime in which he eventually pleaded guilty (aggravated assault against his wife). Bejaran simply claims that the County, via Mrs. Osha, failed to give him medical attention after his confrontation with the police. Again, Bejaran makes no constitutional claims in his complaints against Mrs. Osha, who is also apparently a governmental official. Consequently, Plaintiff raises no claims that rise to a constitutional level in which 42 U.S.C. § 1983 damages may be granted. Therefore, this action must be dismissed.

## RECOMMENDATION

For the above mentioned reasons, all of Plaintiff Bejaran's 42 U.S.C. § 1983 claims against the named Defendants should be DISMISSED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

---

[13] See Williams v. Bramer, 180 F.3d 699, 703 (5th Cir. 1999).

court, provided that the party has been served with notice that such consequences will result from a failure to object.[14]

DONE at Brownsville, Texas, this ___15th___ day of July, 2002.

*[signature]*

Felix Recio
United States Magistrate Judge

---

[14] <u>Douglass v. United States Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).