IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHER DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 0 6 2002

Michael N. Milby
Clerk of Court

ANTONIO BEJARAN
    PLAINTIFF

V.

JOHN CRUZ, CAMERON COUNTY
POLICE OFFICER. JOHN DOE
CO-WORKER OF JOHN CRUZ AND
MRS. OSHOA. CAMERON COUNTY
MEDICAL DEPARTMENT NURSE
    DEFENDANTS

CIVIL ACTION N°- B-01-075

## PLAINTIFF BEJARAN RESPONSE TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Bejaran brings this amended and reply brief objection to Magistrate Judge's report and recommendation pursuant to his § 1983 Civil Right claim against arresting officer John Cruz and County of Cameron, Texas on the following claims.

1.) Use of excessive force in which petitioner sustained further serious injury to pre-existing back injury

2.) Violation of his United States Constitution 4TH Amend 5TH Amend 8TH Amend and 14TH Amendments Rights

3) Denial of Due Process of law and Equal Protection Right.

4.) Denial of proper physical medical attention by Cameron County medical staff.

### Reason to Deny Def. Cruz Motion to Stay Discovery

Petitioner will show reasons as to why he needs discovery and

(1)

also will demonstrate that Dep. Cruz does not qualify for qualified immunity and will show specific facts. Bejaran does not dispute the fact that he was present at the time of the alleged unconstitutional actions and does not deny the assult on his wife. He denies assulting Dep. Cruz and pleading guilty was coerced by the ineffectivenes of counsel and admonishing him properly.

### Factual Background

On May 5, 1999 Deputy Cruz of the Cameron County Sheriffs Department was responding to a 911 family dispute called in by Bejarans' four year old daughter. Dep. Cruz and a second Dep. arrived at approximately between 8:30 – 9:00 P.M. Either Dep. Cruz or his partner were pounding on Bejarans door. Bejaran looked through window screen and said in spanish "Que Quieren" which mean "what do you want". Both officers ran toward their vehicles to retrieve their weapons or for safety. When Deputies arrived at Bejarans' address R+1 Box 525 D. in Rio Hondo, Tx to investigat the incident. There was no activities of violence nor fighting and or yelling everything was quiet and normal.

Both Deputies were yelling for Bejaran to come out the house, Bejaran complied with their order and came out of the house. As he was stepping out with his hands raised up in the air. Sep. Cruz ordered Bejaran to lay down on the around facing down. Bejaran then said "I am going to comply with your order to lay on the ground face toward the ground: but dont get on my back cause I have an injured back. Again Sep. Cruz ordered Bejaran to lay face down: again Bejaran repeated the same plea to Dep. Cruz. As Bejaran complied with said order Dep. Cruz with no probable cause deliberately came hard and fast on my back; Dep. Cruz than and there intentionally, knowinaly and recklessly coused extended injury to my lower back bone-fusion. At this time there was another dep. on my back which name I don't know. During the process of handcuffing me and jumping on my back and out of pain and reaction I accidntally struck Dep. Cruz on his head with my foot. Subsequently this lead

to filling this 42 U.S. § 1983 claim on use of excessive and violation of U.S. Const. Right.

## Facts on Excessive force

Bejaran asserts that Dep. Cruz used excessive force when he tried to handcuff plaintiff and deliberately came down hard on his back with no probable cause. Dep. Cruz action violated the fourth Amendment- prohibition on excessive force. The Fourth Amendment prohibits police officers from making a warrantless arrest without probable cause or police may use only such force as is objectively reasonable under the circumstances. in this instant case Dep. Cruz did not have a warrant for arrest and or reasonable probable cause. Bejaran was not armed and was complying with dep. Cruz order to lay face down, when
In Le Londe case officer reached in apartment and grabbed plaintiff illegally and forcibly tried to arrest plaintiff. Two officers were involved: officers Moquin and officer Horton. Officer Moquin grabbed Le Londes pony tail and knocking him down backwards to the ground: than stradled Le Londe and began to put him down in order to handcuff Le Londe resisted (as per officer's testimony) the men got into a scuffle. Second officer (Horton) had now enter apartment and began helping his partner (Moquin) to handcuff Le Londe and this is when officer Horton forcefully put his knee in Le Londes back causing him sianificant pain. see LeLonde v. County of Riverside at 952.

In Bejaran's instant case: He was already lying on the ground when Dep. Cruz delibertly and forcefully jumped and planted his knee on Plaintiffs lower back causing extended injury and reaggravated pre-existing injury. at this time there was another dep. on his back. Plaintiff did not resist arrest. out of shear pain and reflexes he accidently kicked Dep. Cruz on the head. Cruz's report states plaintiff resisted arrest. not true. see La Londe v. County of Riverside at 959 (Kn 15) 204 F3d 959 (9TH Circuit)

Palmer v. Sanders, 9 F3d (9TH Cir 1993. Reyes v. City of Richmond, Texas 287 F3rd 346 (5TH Cir 2002.)

Bejaran is clearly establishing that Dep. Cruz used excessive force in violation of the Fourth Amendment. and the each of the following elements resulted of his unreasonable action.
 1.) His injury on pre-existing injury lead to broken bone-fusion
 2.) it reasulted directly from the use of excessive force by dep. Cruz.
 3.) the excession force was objectively unreasonable.
Bejarans constitution rights were violated and also constituted cruel and unusual punishment, and could have lead to Deadly force.

Dep. Cruz actions were inappropriate and unjustified; Officers did not have probable cause to use excessive force for the following reasoning.
 1.) Plaintiff was unarmed and officers safty was not in danger
 2.) Complying with Dep. Cruz and other officer's order to lay on the ground with his face down, and,
 3.) Bejaran inform Dep. Cruz that he had an injured back from a previous injury. and was acting on good faith that Dep. Cruz would not use excessive force.
 In Moville v. City of Live Oak, a bystander brought a § 1983 claim action against police's where the bystander incurred severe injury to groin and pinched nerve in leg while falling against a door trying to avoid officer. Police officers action in in bursting into office yelling threats and expletive, drawing gun, waving it wildly at everyone in office and pushing it against bystanders throat was disapropriationate. to need for action excessive force and his repeaded threat to blow [all bystanders] head off." established malice. 42 U.S.CA. § 1983. U.S.CA Const Amend 4. Moville v. City of Live Oak. 918 2d 548 (5TH Cir. 1990.
 Dep. Cruz and officer Doe did have the weapon drawn and their action were inappropriate and unreasonable as their Safty

were not in jeopardy. See. Moville v. City of Live Oak 918 2d F 548 (5TH Cir. 1990. Palmer v. Sanderson 9 F.3d 1433 (9TH Cir. 1993); Reyes v. City of Richmond, Tex. Cite as 287 F.3d 346 (5TH Cir. 2002) Bazan v. Hidalgo County 246. F.3d 481. 490 (5TH Cir. 2001)

### Denial of Qualified Immunity

Plaintiff asserts and clearly demonstrates why Dep. Cruz and John Doe are not qualified for qualified immunity. and overcome the burden to prove. As stated in Magistrate Judge Felix Recio on Analysis (pg 2) pursuant to or under Rule 12 (B)(6) that the Court must accept the allegation as true and must review them, in the light most favorable to the plaintiff, drawing all reasonable inferences in favor of the pleader.

Bejaran will demonstrate that relief can be granted and will submit and state facts consistant with the allegation to survive Rule 12 (B)(6) challenge.

Bejaran asserts that Dep. Cruz and officer John Doe actions were not justified and did not have probable cause to use excessive force. as plaintiff was complying with officers order.

In Lelonde v. County of Riverside the Circut Judge Reinhart Court of appeals 9TH Circuit reversed and held that (1) officers were not entitled to qualified immunity as matter of law with regard to warrantless entry claim. (2) arrestee evidence sufficient to create question of fact, which should have been submitted to jury as to whether police used excessive us of force; (3) testimony of arrestee's medical expert regarding injuries arrestee suffered was admissible: and (4) officer was competent to testify as to whether techniques he used to handcuff arrestee was in accord with official department policy. A violation of the U.S. Const 4TH Amend to where the officers arrested LeLonde. illegal use of excessive force and caused back injury by forcefully putting his knee on LeLondes back use of pepper spray not giving medical attention for forty five (45) minutes handcuffs were

tight. Le Londe at 947, 952. In Palmer v. Sanderson the court reversed judgement for defendant on qualified immunity and found that the officer was not entitled for qualified immunity, from excessive force and unlawful arrest claims. In Bejarans claim Dep. Cruz should not be entitled to qualified immunity from excessive force and unlawful arrest claims. The following cases were not entitled to qualified immunity. Le Londe v. County of Riverside 264 F2d 947. 9th Cir. 2000. Palmer v. Sanderson 9 F.3d 1433 (9th Cir. 1993). Feemster v. Dehntjer. 661 F.2d 87. (8th Cir. 1981 kn 1. Moville v. City of Live Oak 9182 2d F 548 (5th Cir 1990. Reyes v. City of Richmond. Tx. Cite as 287 F.3d 346 (5th Cir. 2002). Goodson v. City of Corpus Christi Cite as 202 F.3d 730 (5th Cir. 2002), Kn 21. Johnston v. City of Houston Cite as 14 F.3d 1056 (5th Cir. 1994) kn 2, 3. Lamokin v. City of Nacogdoches Cite as 7 F.3d 430 (5th Cir. 1993) kn 1 pg. 430. Kn 2 pg. 434 Fed Rule Civ. Proc. Rule 56.(c) 28 U.S.C.A.

Plaintiff Bejaran has asserted and clearly demonstrated that Cameron County Sheriff's Dep. John Cruz and co-worker John Doe clearly violated his U.S. Const. fourth Amend 8th Amend and 14th Amend and that the use of force was clearly excessive to the need and was unreasonable. Plaintiff has clearly established that Dep. Cruz violated the 14th Amend and abused his official capacity as to use of excessive force he was shielded under the doctrine of qualified immunity. Bejaran has overcome this defense and overcome the burden of proving that his constitution rights and has established his right to recovery. such as his mental and anguish pain and suffering physical and work compensation.

Bejaran asserts as in ST. George 285 F.3d, and Bazan v. Hidalgo County 246 F.3d 481-490 (5th Cir. 2001). Le Londe v. County of Riverside 204 F.3d, Feemster v. Dehntier 661 F.2d Dep. Cruz had no probable cause; to use excessive force and his and other officers safty were not in jeopardy. Bejaran

states (6) facts in his claim that are pertinent to and to overcome the motion to dismiss Dep. Cruz motion for discovery and Qualified Immunity. They are that

(1.) Bejaran was complying with Dep. Cruz's order to lay face down on around

(2.) Bejaran was not armed with weapon and posed no threat to Dep. Cruz and other officers

(3.) There was no assault on Dep. Cruz as officers alleges on his report

(4.) Bejaran did not threaten officers physically or verbally

(5.) There was no evidence of violence or disturbance.

(6.) Bejaran repeatedly informed Cruz of his pre-existing injury.

For this reason, plaintiff Bejaran asserts that he has met his initial burden of persuasion and conclude that Dep. Cruz in his individual and offical capacity is not entitled to the defense of qualified immunity.
Suissa v. Fulton   F.3d 266 (11TH Cir. 1996)
Bejaran prays that for these reason that this Honorable Court reviews the facts of this claims in consisten's to the claims that Bejaran raises and arants judgement in light most favorable to Plaintiff.

### Denial of Medical Treatment

Plaintiff asserts that after being handcuff and haggedtied put in patrol car. for two hours and than he was taken to the Cameron County Jail. He was denied physical medical attention to his back injury. After several hours and several attempted requests to talk to the County Sheriff about his deniel of medical attention of his back injury. medication. requests to see the County Jail physichan. by Mrs. Ochoa.

Dr. Ruben Pachero called the County Jail for my three (3) mos. follow up who was my treating physician of my pre-existing

injury. Dr. Pachero affirmed through x-Rays the following.
1. Bone fusion of lower (Lumber) back was broken
2. Ordered cat-scan through workmans Comp.
3. Denied cat-scan by workers compensation office
4. Mrs. Ochoa made false accusation of being involved actercation which was not true.

In Bejarans case Mrs Ochoa head nurse of medical Department refused to comply with his medical request and his medical need Mrs Oshoa violated Bejaran's right to medical care under the Cight Amend. See Lawson v. Dallas County 286 F.3d 257 (5th Cir. 2002). In Lawson case Jail official, jail nurses ignored his medical needs by displaying "deliberate indifference.

County Jail offical may be held liable under Cight Amend for denying medical need. and knew that Bejaran hadaback injury. Farmer v. Brennan 114 S Ct 1970 (1994) Fed Rules Civ. Proc. Rule 56 (F) 28 US. CA, Hare v City of Corinth. M.S. 74 F.3d 633 5th Cir. (1996), Cupit v. Jones 835 F.2d 82 (5th Cir 1987), Johnston v. Lucas 786 F 2d 1254 (5th Cir. 1986. Civil Rights of Institutionalized Person act § 7. 42 US. CA. § 1997 E. Bejaran seeks injunctive relief. punitive damages. mental anguish depression,

## Relief

Plaintiff Bejaran seeks rilief for punitive damages and as well as mental depression, pain and suffering, medical disability for injury sustain while being arrested and life medical against John Cruz, Mrs Oshoa. and the Cameron County Sheriffs Department. in the amount of 3.5 million dollars. Plaintiff prays that the Honorable Judge makes judgment in favor of plaintiff.

## Conclusion

Plaintiff Bejaran objects to the Magistrate Judge Felix Recio Report and Recommendation as well to the proposed finding, conclusion and recommendation. Plaintiff has fully demonstrated consisted facts to the claims of excessive use of force; Denial of Medical Attention or treatment by Mrs. Ochoa. Plaintiff once again states that he is not denying the assault on his wife which consequently led to his conviction.

Bejaran was coerced to plea guilty by his court appointed lawyer to the charge of assulting a public servant. On the the charge of theft of a firearm he also plead guilty to that charge on court appointed lawyer's advice. Bejaran did not have charges pending in a county. As officer stated that the weapon was confiscated and was kept in evidence room in Fort Bend County, and was later stolen. Cameron County cannot file charges in Cameron County to something that happen in another county (Fort Bend). There were no charges filed against Bejaran in Fort Bend County cause he was never in that County which is subsequently close to 400 miles from Cameron County which subsequently makes the <u>indictment defected</u>.

As to the assult on a public servant Bejaran has clearly demonstrated that it was an accidental and not an assult as Dep. Cruz stated on his report and to the indictment.

Bejaran is stating these facts because they are true and was denied due process of law to present them in a appeal which he was denied and was not informed by court appointed lawyer. Being ignorant of the law is no excuse; but when one knows the law and practices it as a professional and is his lively hood, but does not inform his client of his Appellants right is incompetent.

## Prayer

Wherefore Premises Considered, in order to secure the publics trust in the Law Enforcement officers and in the Judicary's ruling regarding our U.S. Constitutional rights as for Judical economy. The ruling or judgment consistent with Plaintiff's Bejarans claims herein must be acknowledged by the higher courts to prevent this wily unreasonable and unconstitutional acts from further repititous misconduct in violating our rights as Citizans and as sub-class of Prisoners due-process in civil rights claims.

So moved and prayed

Respectfully Submitted

*Antonio Bejaran*
Antonio Bejaran Plaintiff Pro-se

## Unsworn Declaration

I Antonio Bejaran Jr T.D.C. #898233 plaintiff Pro-se, being presently incarcerated with the T.D.C.J. Rufe Jordan Unit, Gray County, Texas Does hereby declare under penalty of perjury that the above and foregoing is true and correct.

Executed on this the 24 day of July 2002

*Antonio Bejaran*
Antonio Bejaran Jr.
Plaintiff Pro-se

# CERTIFICATE OF SERVICE

I ANTONIO, BEJARAN, Plaintiff, Pro-se and a state inmate/prisoner in the Texas Department of Criminal Justice Institutional Division, do hereby certify that a true and correct copy of the above and foregoing reponse to Magistrate Judge's report and recommendation with Brief in Support has been served by placing same in the United States Mail, postage prepaid on July 24, 2002, addressed to:

Chamber of

Felix Recio U.S Magistrate Judge.
United States District Court
Southern District of Texas
U.S. Federal Building & Courthouse.
   600 E Harrison # 203.
Brownsville, Tex. 78520,- 7152

Law Offices of
Adams & Graham L.L.P.
Attorney
Roger W. Huges
222 E Van Buren, West Tower
   P.O Drawer 1429
Harlingen Texas 78551

                                    _Antonio Bejaran_
                                    Atonio Bejaran Plaintiff
                                    Pro-se.