IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 1 0 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ANTONIO BEJARAN<br>Plaintiff<br><br>v.<br><br>John Cruz CAMERON COUNTY<br>Sheriff DEPUTY. John Doe<br>Co-Worker of John Cruz And<br>Mrs. Oshoa Cameron County<br>MEDICAL DEPARTMENT NURSE<br>Respondant | CIVIL ACTION N°-B-01-075<br>UNDER 28 U.S CA § 636 (C) 4<br>Civ. R 73 (d) |

PLAINTIFF BEJARAN NOTICE OF APPEAL FROM MAGISTRATE
JUDGE ORDER TO DISMISS § 1983 CLAIM AND REPORT
AND RECOMMENDATION

   Plaintiff Bejaran appeals the order of the U.S. Magistrate Judge to dismiss his U.S 42 § 1983 Claims against the named Defendants, and also objects to the report and recommendation. Bejaran files this appeal with a reply brief in support of. He files this NOTICE of appeal from Magistrate Judge to District Judge UNDER 28 U.SCA § 636 (C)(4) and Civ. R 73 (d). Magistrate's order to dismiss § 1983 Claim. was ordered on Aug 9th, 2002. Plaintiff was notified by mail on Aug. 13th, 2002. Magistrate errered in dismissing plaintiff's § 1983 Claim. without properly investigating claims. transcripts. proof of Medical evidence and without ordering a hearing Fed. Civil R. 12 (D) and Civil R. 78.
   Plaintiff filed his response to the Magistrate's Report and Recommendation on the 24th Aug, 2002. Plaintiff asserts that Magistrate Judge prematurely dismissed his claim. without properly reviewing

his response.

Plaintiff Bejaran brings this Appeal and reply brief appealing the Magistrate Judge's report and recommandation to dismiss his § 1983 Civil Right claim against Deputy John Cruz, Mrs. Oshoa C.C. MEDICAL Dept, Nurse, and County of Cameron, Texas) on the fallowing claims.

1. Plaintiff was again denied Due Process of law by Magistrate Judge Felix Recio.

2. use of excessive force in which petitioner sustained further serious injury to pre-existing back injury

3. violation of his United States Constitutional 4TH Amend 5TH Amend 8TH Amend and 14TH Amendment's Rights.

4. Denial of Due Process of law and Equal Protection Right.

5. Denial of proper physical medical attention by Cameron County Medical Staff.

6. Magistrate dismiss claim premature.

      Reason to Deny Def. Cruz Motion to stay Discovery

Plaintiff will show the reasons as to why he needs discovery and also will demonstrate that Dep. Cruz does not qualify for qualified immunity and will show specific facts. Bejaran does not dispute the fact that he was present at the time of the unconstitutional actions and does not deny the assult on his wife. He denies assulting Dep. Cruz and pleading guilty was coerced by the ineffectivenes of Counsel and admonishing him properly.

FACTUAL BACKGROUND

On May 5, 1999 Deputy Cruz of the Cameron County Sheriffs Department was responding to a 911 family dispute called in by Bejarans' four year old daughter. Dep. Cruz and a second Dep. arrived at approximately between 8:30 - 9:00 P.M. Either Dep. Cruz or his partner were pounding on Bejaran's door. Bejaran looked through window screen and said in Spanish "Que Quieren" which means "what do you want." Both officers ran toward their vehicles to retrieve their weapons or for safety. When Deputies arrived at Bejarans address Rt. 1 Box 525 b. in Rio Hondo, Tx to investigate the incident. There was no activities of violence nor fighting and or yelling everything was quiet and normal.

Both Deputies were yelling for Bejaran to come out of the house. Bejaran complied with their order and came out of the house. As he was stepping out with his hands raised up in the air. Dep. Cruz ordered Bejaran to lay down on the ground facing down. Bejaran then said "I am going to comply with your order to lay on the ground face toward the ground but don't get on my back cause I have an injured back. Again Dep. Cruz ordered Bejaran to lay face down; again Bejaran repeated the same plea to Dep. Cruz. As Bejaran complied with said order Dep. Cruz with no probable cause deliberately came down hard and fast on plaintiffs' back. Dep. Cruz than and there intentionally knowingly and recklessly cause extended injury to my lower-back bone-fusion. At this time there was an other dep. on my back which name I don't know. During the process of handcuffing me and jumping on my back and out of pain and reaction I accidentally struck Dep. Cruz on his head with my foot. Subsequently this lead to filling this 42 U.S. § 1983 claim on use of excessive force and violation of U.S. Const. Right.

### FACTS ON EXCESSIVE FORCE

Bejaran asserts that Dep. Cruz used excessive force when he tried to handcuff plaintiff and deliberately came down hard on his back with no probable cause. Dep. Cruz's actions violated the fourth Amendment- prohibition on excessive force. The Fourth Amendment prohibits police officers from making a warrantless arrest without probable cause or police may use only such force as is objectively reasonable under the circumstances in this instant case Dep. Cruz did not have a warrant for arrest and or reasonable probable cause. Bejaran was not armed and was complying with dep. Cruz order to lay face down when.

In Le Londe case officer reached in apartment and grabbed plaintiff illegally and forcibly tried to arrest plaintiff. Two officers were involved; officers Moquin and officer Horton. Officer Moquin grabbed Le Londes pony tail and knocking him down backwards to the ground; than straddled Le Londe and began to put him down in order to handcuff Le Londe resisted (as per officer's testimony) the men got into a scuffle, second officer (Horton) had now enter the apartment and began helping his partner (Moquin) to handcuff Le Londe and this is when officer Horton forcefully put his knee in Le Londes back causing him significant pain see Le Londe v. County of Riverside at 952.

In Bejaran's instant case: He was already lying on the ground when Dep. Cruz delibertly and forcefully jumped and planted his knee on Plaintiffs lower back causing extended injury and reagaravated pre-existing injury at this time there was another dep. on his back. Plaintiff did not resist arrest out of shear pain and reflexes he accidently kicked Dep. Cruz on the head Cruz's report state's plaintiff resisted arrest not true see La Londe v. County of Riverside at 959 (kn is) 204 F.3d 959 (9TH Circuit), Palmer v. Sanders 9 F.3d (9TH Cir. 1993, Reyes V. City of Richmond, Texas 287 F.3d 346 (5TH Cir. 2002)

(4)

Bejaran is clearly establishing that Dep. Cruz used excessive force in violation of the Fourth Amendment and the each of the following elements resulted of his unreasonable action.

1. His injury on pre-existing injury lead to broken bone-fusion

2. it resulted directly from the use of excessive force by Dep. Cruz

3. the excessive force was objectively unreasonable. Bejaran's Constitution rights were violated and also constituted cruel and sual punishment and could have lead to deadly force.

Dep. Cruz actions were inappropriate and unjustified: officers did not have probable cause to use excessive force for the following reasoning.

1. Plaintiff was unarmed and officers safty was not in danger

2. Complying with Dep. Cruz and other officer's order to lay on the ground with his face down, and

3. Bejaran inform Dep. Cruz that he had an injured back from a previous injury and was acting on good faith that Dep. Cruz would not use excessive force.

In Moville v. City of live Oak a bystander brought a § 1983 claim action against police's where the bystander incurred severe injury to groin and pinched nerve in leg while falling against a door trying to avoid officer. Police officers action in bursting into office yelling threats and expletive drawing gun and waving wildly at everyone in office and pushing it against bystander throat was disapropriational to need for action excessive force and his repeaded threat to blow [all bystanders] heads off established malice 42 U.S.C.A. § 1983. U.S.C.A Const. 4TH Amend Moville v. City of live Oak 918 2nd 548 (5TH Cir. 1990).

(5).

Dep. Cruz and officer John Doe did have their weapons drawn and their action were inappropriate and unreasonable as their safty were not jeopardy see Moville v. City of live Oak 918 2nd F. 543 (5TH Cir. 1990. Palmer v. Sanderson 9 F.3d 1433 (9TH Cir. 1993); Bazan v. Hidalgo County 246. F.3d 481. 490 (5TH Cir. 2001).

### Denial of Qualified Immunity

Plaintiff asserts and clearly demonstrates why Dep. Cruz, John Doe, and Mrs. Oshoa are not qualified for qualified immunity and overcome the burden to prove. As stated in Magistrate Judge Felix Recio on Analysis (pg.2) pursuant to or under Rule 12 (B)(6) that the Court must accept the allegation as true and must review them, in the light most favorable to the plaintiff, drawing all reasonable inferences in favor of the pleader.

Bejaran will demonstrate that relief can be granted and will submit and state facts consistant with the allegation to survive Rule 12 (B)(6) challenge.

Bejaran asserts that Dep. Cruz and officer John Doe actions were not justified and did not have probable cause to use excessive force. as plaintiff was comolying with officers order.

In Le Londe v. County of Riverside the Circuit Judge Reinhart Court of appeals 9TH Circuit reversed and held that

1. Officers were not entitled to qualified immunity as matter of law with regard to warrantles entry claim.

2. arrestees evidence sufficient to create question of fact. which should have been submitted to jury as to whether police used excessive use of force:

3. testimony of arrestee's medical expert regarding injuries

arrestee suffered was admissible; and

4. Officer was compentent to testify as to whether techique he used to handcuff arrestee was in accord with official department policy.
A violation of the U.S. Const 4TH Amend to where the Officers arrested Le Londe illegal use of excessive force and caused back injury by forcefully putting his knee on Le Londe's back use of pepper spray not giving medical attention for forty five (45) minutes handcuffs were tight. Le Londe at 947. 952. In Palmer v. Sanderson the Court reversed judgment for defendant on qualified immunity and found that the officer was not entitled for Qualified immunity from excessive force and unlawful arrest claims. In Bejaran's claim Dep. Cruz should not be entitled to qualified immunity from excessive force and unlawful arrest claims. The following cases were not entitled to qualified immunity. Le Londe v. County of Riverside 204 F.3d 947, 9TH Cir. 2000. Palmer v. Sanderson 9 F.3d 1433 (9TH Cir. 1993). Feemster v. Dehntjer. 661 F.2d 87 (8TH Cir. 1981 kn 1. Moville v. City of live Oak 9182 2nd F. 548 (5TH Cir. 1990. Reyes v. City of Richmond, Tx Cite as 287 F.3d 346 (5TH Cir. 2002). Goodson v. City of Corpus Christi, Cite as 202 F.3d 730 (5TH Cir. 2002) KN 21. Johnston v. City of Houston Cite as 14 F.3d 1056 (5TH Cir. 1994) KN 2. 3. Lamokin v. City of Nacogdoches Cite as 7 F.3d 430 (5TH Cir. 1993 KN 1 pg. 430. KN 2 pg. 434 Fed Rule Civ. Proc. Rule 56 (C) 28 U.S.C.A.

Plaintiff Bejaran has asserted and clearly demonstrated that Cameron County Sheriff Dep. John Cruz and co-worker John Doe clearly violated his U.S. Const. fourth Amend, 8TH Amend, and 14TH Amend and that the use of force was clearly excessive to the need, and was unreasonable. Plaintiff has clearly established that Dep. Cruz violated the 14TH Amend.

and abused his official capacity as to use of excessive force he was shielded under the doctrine of qualified immunity. Bejaran has overcome this defense, and overcome the burden of proving that his constitution rights were violated and has established his right to recovery. such as his mental and anguish pain suffering physical and work compensation.

Bejaran's instant case as in <u>St. George 285 F.3d and Bazan v. Hidalgo County 246 F.3d 481. 490 (5TH Cir. 2001), Le Londe v. County of Riverside 204 F.3d, Feemster v. Dehntjer 661 F.2d</u> Dep. Cruz had no probable cause: to use excessive force and his and other officers safty were not in jeopardy. Bejaran states (6) facts in his claim that are pertinent to and to overcome the motion to dismiss Dep. Cruz motion for discovery and Qualified Immunity. They are that

1. Bejaran was complying with Dep. Cruz's order to lay face down on the around.

2. Bejaran was not armed with weapon and posed no threat to Dep. Cruz and other officers.

3. There was no assault on Dep. Cruz as officers alleges on his report.

4. Bejaran did not threaten officers physically or verbally.

5. There was no evidence of violence or disturbance.

6. Bejaran repeatedly informed Cruz of his pre-existing injury

For these reasons. plaintiff Bejaran asserts that he has met his initial burden of persuasion and conclude that Dep. Cruz in his individual and official capacity is not entitled to

(8)

the defense of qualified immunity.
  Suissa v. Fulton F.3d 266 (11TH Cir. 1996)
Bejaran prays that for these reasons that this Honorable Court reviews the facts of this claims in consisten's to the claims that Bejaran raises and grants judgement in light most favorable to plaintiff.

## Denial of Medical Treatment

  Plaintiff asserts that after being handcuff and hoggedtied put in patrol car for two hours and than he was taken to the Cameron County Jail, He was denied physical medical attention to his back injury. After several hours and several attempted requests to talk to the County Sheriff about his deniel of medical attention of his back injury also medication provided by his personal physichan Dr. Ruben Pachero and was denied request to see the County Jail physichan by Mrs. Oshoa.
  Dr. Ruben Pahero called the County Jail for my three (3) mos follow up between Sep. 1.99 and Sep. 30. 1999 who was my treating physician of my pre-existing injury. Dr. Pachero affirmed through X-Rays the fallowing

1. Bone fusion of Lower (Lumber) back was broken

2. Ordered cat-scan through workmans Compensation

3. Denied cat-scan by workers compensation office.

4. Mrs. Oshoa made fulse accusation of being involved in a altercation which was not true.

  In Bejaran's case Mrs. Ohoa head nurse of Cameron County Jail Medical Department refused to comply with his medical request and his medical needs Mrs. Oshoa violated Bejaran's right

(9)

to medical care under the Eight Amend. see Lawson v. Dallas County 286 F.3d 257 (5TH Cir. 2002). In Lawson case Jail, Official. Jail nurses ignored his medical needs by displaying "deliberate indifference.

County Jail Official may be held liable under Eight Amend for denying medical need and knew that Bejaran had a back injury. Feemster v. Brennan 114 S.Ct 1970 (1994) Fed. Rules Civ. Proc. Rule 56 (F) 28 U.S.CA. Hare v. City of Corinth. M.S. 74 F.3d 633 5TH Cir. (1996). Cupit v. Jones 835 F.2d 82 (5TH Cir. 1987), Johnston v. Lucas 786 F.2d 1254 (5TH Cir. 1986 Civil Rights of Institutionalized Person art § 42.7 U.S.CA. § 1997E. Bejaran seeks injunctive relief, punitive damages mental anguish depression.

## Relief

Plaintiff Bejaran seeks relief for punitive damages and as well as mental depression, pain and suffering medical disability for injury sustain while being arrested and life time medical against John Cruz, Mrs Oshoa, and the Cameron County Sheriffs Department. in the amount of 3.5 million dollars. Plaintiff prays that the Honarable Judge makes judgement in favor of Plaintiff.

## Conclusion

Plaintiff Bejaran objects to the Magistrate Judge Felix Recio Report and Recommendation as well to the proposed finding, conclusion and recommendation. Plaintiff has fully demonstrated consisted facts to the claim of excessive use of force; Denial of Medical Attention or treatment by Mrs. Oshoa

Plaintiff once again states that he is not denying the assult on his wife which consequently led to his conviction.

Bejaran was coerced to plea guilty by his Court appointed lawyer to the charge of assulting a public servant. On the charge of theft of a firearm he also plead guilty to that charge on Court appointed lawyer's advice. Bejaran did not have charges pending in a County. As officer, stated that the weapon was confiscated and was kept in the evidence room in Fort Bend County, Texas and was later stolen. Cameron County cannot file charges in Cameron County to something that happen in another County (Fort Bend). There were no charges filed aaginst Bejaran in Fort Bend County Texas cause he was never in that County which is subsequently close to 400 miles from Cameron County which subsequently makes the <u>Indictment defected</u>.

As to the assult on a public servant Bejaran has clearly demonstrated that it was an accidental and not an assult as Dep. Cruz stated on his report and to the indictment.

Bejaran is stating these facts because they are true and was denied due process of law to present them in a appeal which he was denied and was not informed by Court appointed lawyer. Being ignorant of the law is no excuse; but when one knows the law and practices it as a professional and is his livily hood, but does not inform his client of his Appellant's right is incompetent.

## Prayer

Wherefore Premises Considered, in order to secure the publics trust in the Law Enforcement officers and in the Judicary's ruling regarding our U.S. Constitutional rights as for Judical economy. The ruling or judgment consistent with plaintiff Bejarans claims herein must be acknowledged by the higher courts to prevent this wily unreasonable and unconstitutional acts from further repititus misconduct in violating our rights as citizens and as sub-class of prisoners due-process in civil rights claims.

So moved and prayed

Respectfully Submitted

_Antonio Bejaran Jr_
ANTONIO BEJARAN   Pro-se

## Unsworn Declaration

I ANTONIO BEJARAN Jr. T.D.C. # 898233 plaintiff Pro-se, being presently incarcerated with the T.D.C.J. Rufe Jordan Unit Gray County, Texas does hereby declare under penalty of perjury that the above and foregoing is true and correct.

Executed on this the __2__ day of Sept. 2002

_Antonio Bejaran Jr_
ANTONIO Bejaran Jr.
Plaintiff Pro-se

# CERTIFICATE OF SERVICE

I ANTONIO BEJARAN Plaintiff Pro-se and a State inmate/prisoner in the Texas Department of Criminal Justice Institutional Division do hereby certify that a true and correct copy of the above and foregoing response to Magistrate Judge report and recommendation with Brief and Support has been served by placing the same with United State Mail postage prepared on Sept. 2, 2002 addressed to:

Chamber of

Felix Recio U.S Magistrate Judge
United States District Court
Southern District of Texas
U.S Federal Building Courthouse
600 E Harrison #203
Brownsville, Tex 78520-7152

Law Offices of
ADAMS & GRAHAM L.L.P.
Attorney
Roger W. Huges
222 E. VAN BUREN West Tower
   P.O. Drover 1429
Harlingen, Texas 78551

*Antonio Bejaran Jr*

ANTONIO BEJARAN
Plaintiff Pro-se.