29

# UNITED STATES DISTRICT COURT
# SUOTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 1 0 2002

Michael N. Milby
Clerk of Court

ANTONIO BEJARAN
Plaintiff

V.
John Cruz, John Doe
Mrs. Oshoa, Cameron
County Sheriff's Dept.

§
§
§
§
§
§
§
§
§

CIVIL ACTION Nº B-01-075

## MOTION REQUESTING CHANGE OF VENUE

### TO THE HONORABLE DISTRICT JUDGE OF SAID COURT

NOW COMES ANTONIO BEJARAN Petitioner in the above styled civil action cause and presents this MOTION Requesting change of venue on his Civil law suit U.S.CA § 1983 pursuant to T.C.A. 31.03 and U.S.CA 6TH Amend. Petitioner would show this the following.

### I

Petitioner has filed a Federal Habeas Corpus U.S.CA § 2254 on April 5, 2001 and was dismissed on July 12, 2002 on Magistrate Judge Felix Recio report and recommendation to dismiss for time Barred, was adopted by U.S. District Judge VANESSA Gilmore out of the Houston Division for the Southern District of Texas which she in turn send to the Brownsville Division for the Southern District of Texas. District Judge Hilda Tagle dismiss the petition as well adopted the recommendation by Magistrate Felix Recio.

## II

On April 23, 2001 Petitioner filed his U.SCA 42 § 1983, civil law suit inadvertenty was told send his civil action suit to Houston for faster relief. U.S. District Clerk Michael Milby transfered it to the Brownsville Division. Again U.S. Magistrate Judge Felix Recio reviewed ptitioners U.S.CA 42 § 1983 and recommended that this suit also be dismissed. U.S. District Judge Hilda Tagle adopted Magistrate recommendation and also dismissed suit.

## III

Petitioner asserts that he was denied Due Process and both U.S. District Judge Hilda Tagle and U.S. Magistrate Judge were not impartial. By both reviewing petitioner Habeas Corpus § (2254) and his civil law suit (§ 1983) were prejedice and harmed his chances of recieving relief.

## IV

Petitioner asserts that by reauesting a chanae of venue of U.S. District Court from Brownsville Division to Houston Division or have a different District Judge to review my civil suit U.SCA 42 § 1983.

Petitioner has acted with due diligence in both of his Federal Writ of Habeas Corpus (U.S.CA 28 § 2254 and his 42 § 1983 so that they may be properly litigated. A Change of venue is a constitutional Right.

## Prayer

Where force. Premises Considered. Petitioner prays that this Honorable Court summarily Grant's Petitioners Motion of

Change of venue, Petitioner prays that this Honorable Court make finding of fact and conclusions of law, find that Petitioner's Due Process of law, fundamental and constitutional Rigths were violated.

CERTIFICATE OF SERVICE


I ANTONIO BEJARAN Pro-se Texas inmate do hereby certify that a true and correct copy of the above and foregoing MOTION for a change of venue and ORDER has been served by placing the copy in the United STATES mail - postage prepaid on September 2 - 2002.