Case 1:01-cv-00075 Document 37 Filed in TXSD on 12/11/2003 Page 1 of 2

United States Court of Appeals
Fifth Circuit
F I L E D
October 22, 2003
Charles R. Fulbruge III
Clerk

United States District Court
Southern District of Texas
FILED
DEC 11 2003
Michael N. Milby
Clerk of Court

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-41306
Summary Calendar

ANTONIO BEJARAN, JR.,

                        Plaintiff-Appellant,

versus

JOHN CRUZ; CO-WORKER OF JOHN CRUZ; MRS. OSHA, Cameron County
Medical Department Nurse; CAMERON COUNTY TEXAS, FOR CAMERON
COUNTY SHERIFF DEPARTMENT,

                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-01-CV-75
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Antonio Bejaran, Jr., Texas prisoner # 898233, appeals the magistrate judge's dismissal of his 42 U.S.C. § 1983 complaint alleging excessive use of force during arrest and failure to provide medical attention. Although the record does not contain written consent by the defendants to proceed before the magistrate judge as required by 28 U.S.C. § 636(c), we may infer their

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

consent from the record as a whole. See Roell v. Withrow, 123 S. Ct. 1696, 1701-04 (2003).

In light of the violent nature of the crime for which Bejaran was being arrested (aggravated assault with a deadly weapon), as well as Bejaran's guilty-plea conviction for felony assault of Officer Cruz during the arrest at issue, the facts pleaded in Bejaran's complaint failed to show that the force used was clearly excessive to the need and the excessiveness of the force was objectively unreasonable. See Ikerd v. Blair, 101 F.3d 430, 433-34 (5th Cir. 1996). The district court did not err in dismissing Bejaran's excessive-force claim.

Bejaran's admission in his complaint that the prison medical staff took x-rays of his back and that Mrs. Osha gave him "generic," "mild medications" refute his assertion of deliberate indifference to his medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Moreover, Bejaran has not shown that he faced a substantial risk of harm or that prison officials failed to take reasonable measures to abate it. See Farmer v. Brennan, 511 U.S. 825, 847 (1994); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). Thus, the district court did not err in dismissing Bejaran's claim that he was denied medical attention at the jail.

Bejaran's motions for appointment of counsel and for summary judgment are hereby DENIED. His motion for change of venue is also DENIED.

AFFIRMED; MOTIONS DENIED.